# Baker *et al.* v. Selma Street and Suburban Railway Company.

### Bill in Equity to enjoin Construction of Street Railway.

1. *Construction of street railway; no additional servitude.*—The construction and operation of an electric street railway, with the consent of the municipal authorities, along the

[Baker v. Selma Street and Suburban Railway Co.]

public streets and conforming to the grade, with no special injury to the fee of the abutting property owners, is not the imposition of an additional servitude for which the owner can demand compensation.

2. *Street railway; not necessary for declaration of charter to designate exact location of tracks.*—In order for a street railway company to exercise the privileges and franchises granted to it for constructing its tracks through an incorporated city or town, it is not necessary for the declaration of incorporation or the charter granted by act of the legislature, or the consent of the municipal authorities to limit the number of tracks to be constructed upon the streets, or to designate the exact location of the tracks of said company latitudinally upon the streets along which the company proposes to construct its railway.

APPEAL from the City Court of Selma, in Equity.

Heard before the Hon. JOHN W. MABRY.

The bill in this case was filed by the appellants against the Selma Street & Suburban Railway Company. The purpose of the bill and the facts of the case averred in the bill and contained in the answer are sufficiently stated in the opinion.

To the bill as amended the respondents demurred upon the following grounds: 1. "That it appears from said bill of complaint as amended that the complainants will not be damaged by the construction and operation, between Selma and Dallas street, on said Union street of its said street railway in any manner in which they or either of them have the right to complain." 2. "The facts averred in said bill of complaint as amended show that the railway which the defendant was proceeding to construct along and over said Union street, between Dallas and Selma streets, was merely a street railway operated by electricity for the transportation of passengers only." 3. "That it appears from said bill of complaint as amended that the complainants have no right at the time the said bill was filed to require this defendant to condemn a right of way over and upon said Union street, between Dallas and Selma streets, or to pay any compensation to them prior to constructing this, its said street railway over said Union street." 4. "It appears from said bill of complaint as amended, that

the construction and operation of defendant's said railway over and upon said Union street, between Dallas and Selma streets, will not be a public nuisance." The defendant also moved to dismiss the bill for want of equity, and also moved to dissolve the temporary injunction upon the sworn denials of the answer.

Upon the submission of the cause upon the demurrers and motion the chancellor rendered a decree sustaining the demurrer and motion to dissolve the injunction, and overruling the motion to dismiss for want of equity. From this decree the complainants appeals, and assign the rendition thereof as error.

PETTUS, JEFFRIES & PARTRIDGE, for appellant.—The consent of the local authorities is a condition precedent to a rightful use of the streets by the corporation; the constitutional provision being prohibitory, not permissive, and conferring neither franchise, nor right on any corporation.—Const., 1875, Art. XIV, § 24; *Birmingham & Pratt Mines Co. v. Birmingham Street Ry. Co.*, 79 Ala. 465, 470; *The Metropolitan City Ry. Co. v. The City of Chicago*, 96 Ill. Rep. 620.

There must be an express grant of power to towns or cities, by either a general or special act of the legislature, before they can exercise the supervision required by the constitution.—*Birmingham & Pratt Mines St. Ry. Co. v. Birmingham St. Ry. Co., supra; People's Railroad v. Memphis Railroad*, 10 Wallace 38, 50, 51; Joyce on E. Law, §§ 152, 195; *Domestic Tel. Co. v. Mayor of Newark*, 49 N. J. L. 344; *L. & N. R. R. Co. v. Mobile, J. & K. C. R. R. Co.*, 124 Ala. 162.

It is clear both by reason and authority that the appellee has no charter right to construct and operate a railroad on that part of Union street that is between Selma and Dallas streets, in Selma, Alabama.—*C., D. & V. R. R. Co. v. Chicago*, 9 West. Rep. 493; Dillon's Munic. Corp., §§ 519-21; Joyce on Electric Law, §§ 183, 349; *Street R. Co. v. Africa*, 100 Tenn. 26; *Arrington v. Sav. & West. Railway Co.*, 95 Ala. 434.

Appellee did not designate this part of Union street in his declaration, as between its termini and as part

of its route. Therefore, its charter gives it no power whatever to construct its street railroad thereon, and no consent of the city would validate such construction. *Staten Island R. Co. v. Staten Island Electric Co.*, 54 N. Y. 598; *Railway Co. v. Africa*, 100 Tenn. 26; *Concord v. Concord Railway Co.*, 65 N. Y. 639; *People v. R. R. Co.*, 45 Bart. 63; Code of 1896, §§ 1188 to 1201, inclusive.

The only consent that the mayor and council of Selma can give must be in compliance with section 1194 of the Code of 1896; as that section contains the grant of power to the municipal authorities. And the consent in this case must comply substantially with this section or it will be invalid. The requisites of the consent are as follows: (1.) It must not be such a grant as will enable the grantee to maintain a nuisance. (2.) It must restrict the use to certain specified streets. (3.) To a certain line, that is so located as to be restrictive. (4.) It must determine the manner in which the track is to be laid, its width, kind of rails, etc., and (5.) it must specify the motive power, and how that power is to be applied. (6.) It must regulate the operation of the vehicles that will run on the track when it is finished.—Code of 1896, §§ 1193, 1194, and Const., Art. XIV, § 24.

The ordinace in this case gives the company the right to lay tracks, and it must be admitted that there is no limitation as to number.—*Bickley v. Keenan*, 60 Ala. 293, 295; *Arrington v. Sav. & Western R. Co.*, 95 Ala. 434, 438; *Commrs. Court v. Bowie*, 34 Ala. 461; *Ex parte Selma & G. R. Co.*, 46 Ala. 539; *Wetumpka v. Wetumpka W. Co.*, 63 Ala. 611.

The consent in this case does not restrict appellee to a particular number of tracks, but it can, so far as the writing is concerned, lay one hundred tracks on the street. In other words, it leaves it entirely in the discretion of the appellee whether or not it will maintain a nuisance in the streets of Selma. The discretion is the council's, and cannot be delegated to the company. Therefore, the consent falls short of the requirements that it shall restrain respondent within such use as shall not be a nuisance. It is an excess of power on the part

of the city authorities, and is void for uncertainty, because it does not limit the number of tracks.—*Dooly Block v. Salt Lake Rapid Transit Co.*, (Utah) 8 Am. R. and Corp. Rep. 327; 2 Dillon Munic. Corp., §§ 556-a, 556-b, 656-a; *N. Y. Elec. Ry. Co. v. Fifth Nat. Bank*, 135 U. S. 433; *Railroad v. Schurmeirr*, 7 Wall. 272; *Theobald v. Ry. Co.*, 66 Miss. 299; *B. T. Co. v. B. Ry. Co.*, 119 Ala. 143.

The pretended ordinance in this case, the attempt on the part of the municipal authorities to empower the appellee to operate on the part of Union street which is between Selma and Dallas streets, being void for uncertainty, leaves the appellee, by its own admission, in the light of one in the very act of constructing an obstruction on a public street—a street belonging to all the human race; those now living and those to be born. This is a public nuisance, besides being a trespass on the fee simple of complainants.—3 Blackstone, 5; *State v. Mayor and Aldermen of Mobile*, 5 Port. 312; *L. & N. Ry. Co. v. M., J. & K. C.*, 124 Ala. 162.

A. D. PITTS, *contra.*—The power to construct a railway in the street sprung from the legislative act, and not from the ordinance.—10 Am. & Eng. Ency. Law, 879. The ordinance is not a franchise, but a mere license. The consent of the city in this case is not a grant, but a mere license.—23 Am. & Eng. Ency. Law, 3, note, 977, 978. In some instances the consent of the municipality may be shown by parole.—Joyce on Electric Law, 368. The ordinance is valid.—*Reeves v. Traction Co.*, 152 Pa. St. 153; *Scranton, etc., v. Canal Co.*, 1 Sup. Ct. (Pa.) 409.

The construction and operation of an electric street railroad with the consent of the municipal authorities along a public stret conforming to the grade of said street, the erecting of poles on a line with the shade trees on each side of said street at a distance of one hundred and ten feet apart, and the stringing of wires on said poles at a height of seventeen feet from the surface of said street does not constitute an additional servitude and the owner of the fee is entitled to no dam-

[Baker v. Selma Street and Suburban Railway Co.]

ages or compensation.—*Birmingham Traction Co. v. Birmingham R. & E. Co.*, 119 Ala. 137; 12 Am. && Eng. R. R. & Corp. Rep. 522; 6 Am. R. R. & Corp. Rep. 287; Joyce on Electric Law, 355.

As to the law in reference to a public nuisance, see *Perry v. N. O., etc., R. Co.*, 55 Ala. 412; *Evans v. S. & W. R. Co.*, 90 Ala. 54; *C. & W. R. Co. v. Witherow*, 82 Ala. 190; *H. A. & B. R. R. Co. v. Birmingham Union R. Co.*, 93 Ala. 505; *M. & G. R. R. Co. v. Ala. Mid. R. Co.*, 87 Ala. 501; *City Council v. Townsend*, 80 Ala. 489.

DOWDELL, J.—The appellants as adjacent landowners and abutting proprietors on Union street, a public street in the city of Selma, filed their bill in the city court of Selma for the purpose of enjoining the appellee, the Selma Street and Suburban Railway Co., a body corporate, from constructing and operating a street railway over and along that portion of said Union street between Dallas and Selma streets in said city. A sworn answer was made to the bill, and demurrer was also filed, accompanied with a motion to dissolve the temporary injunction. Subsequently the bill was amended, and as amended was answered, demurred to, and the motion renewed to dissolve the temporary injunction, and also a motion to dismiss the bill for want of equity. On the hearing, a decree was rendered sustaining the demurrer and motion to dissolve the injunction, and overruling the motion to dismiss for want of equity. From this decree sustaining the demurrer and dissolving the temporary injunction, the present appeal is prosecuted.

The bill as amended shows on its face that the appellee corporation was duly and regularly organized as a body corporate under the general laws of the State. The bill also admits that as such body corporate it possesses all the powers conferred by the general statutes. The bill further states that the defendant corporation succeeded to the franchises, rights and powers of the Selma Street Railway Co., Joseph Hardie and associates, Hardie & Robinson, and Randall D. Berry in the operation of a street railway in the said

city of Selma. The bill also shows, that Randall D.
Perry, his heirs and assigns, held his franchise by legis-
lative grant under an act of the legislature approved
December 3, 1866, wherein the said Randall D. Berry,
his heirs and assigns, were granted the privilege, upon
obtaining the consent of the municipal authorities to con-
struct one or more railway tracks along Water, Broad,
Alabama and Church streets in the city of Selma, and
such other streets in said city as might be agreed upon.
The bill also shows, that said Berry did obtain the con-
sent of the municipal authorities as provided in said
act, and did construct and operate the street railway
along said named streets. The bill further shows that
Hardie & Robinson, a partnership composed of Joseph
Hardie and James W. Robinson, acquired and succeeded
to all the rights, privileges and franchises granted to
the said Berry by the aforesaid act, and that on June
21, 1872, the said city of Selma did pass and enact an
ordinance granting to the said Joseph Hardie and his
associates the right to construct and operate street rail-
ways on certain designated streets in said city of Selma,
among which was said Union street. And it is further
averred that by an act of the legislature of April 23,
1873, said ordinance of said city was ratified and con-
firmed. And it is further averred in said bill, that the
Selma Street Railroad Company did acquire and suc-
ceed to by purchase or otherwise all the rights, privi-
leges, powers and franchises of the said Randall D.
Berry and of the said Joseph Hardie and his associates
and of the said Hardie & Robinson, and that by virtue
of the said charter right, privilege, power and franchise
so owned by and vested in the Selma Street Railroad
Company, it the Selma Street Railroad Company had
the power and authority to construct, maintain and
operate a railroad down, upon and along said Union
street for the purpose of hauling freight and transport-
ing passengers and for other purposes. And it is also
averred that the appellee, the said Selma Street and
Suburban Railway Co., now has the right, power, priv-
ilege and franchise to construct and maintain and
operate a railroad down, upon and along said Union

street between said Dallas and Selma streets. It is then averred that it is the purpose and intention of appellee to construct its railroad along said Union street and to operate steam cars and locomotives for the carriage of passengers and freight, and this without having first paid to complainants just compensation, or without having taken proceedings to condemn said right of way.

The appellee by its sworn answer expressly and positively denies that it ever had or now has any purpose or intention of constructing a railroad along said Union street for the purpose of operating steam cars and steam engines for the transportation of freight and passengers, but only a street railway upon which is to be operated cars by electric power and for the purpose of transporting passengers. This denial in the sworn answer and its averment as to the operation of a street railway, is supported by the various acts of incorporation, the ordinances and consents of the municipal authorities, as well as the legislative grant of franchise. It is quite clear from all of this, that the apprehension of appellants as to the purpose or intention of the appellee to construct and operate a steam railroad for the transportation of freight and passengers along Union street, is wholly groundless. The sworn answer expressly denies that the construction and operation of its said street railway along said Union street will be of any special injury to the appellants as abutting proprietors on said street. Taking the averments in the bill and the denials in the answer, it is not shown that there is any attempt on the part of the appellee to exercise the right of eminent domain. As was said by this court in the case of the *Birmingham Traction Company v. Birmingham Railway and Electric Company*, 119 Ala. 137, in substance, the construction and operation of an electric street railway with municipal consent, along a public street, and conforming to its grade, with no special injury to the fee, is not the imposition of an additional servitude for which the owner of the fee can demand compensation. It was there said: "The electric railways, such as we are now considering, are a compara-

tive recent development, yet, as is of common knowledge, they have practically superseded systems of street railway enterprises (saving the cable systems in the larger cities), and their nature and modes of construction and operation, as affecting or not the legitimate use of streets within the implied contemplation of the dedication, have been subjects of frequent consideration and adjudication by courts of last resort in this country; and it may be said that there is almost unanimity in the adjudications that such uses are legitimate uses of streets, by the permission of municipalities, without any right of the owner of the fee to compensate therefor;" citing numerous authorities.

Another theory of complainants' bill, and which is argued by appellants' counsel, is that the grant of franchise is void by reason of vagueness and indefiniteness; or, in other words, that neither the declaration of incorporation nor the consent of the municipal authorities limits the number of tracks to be constructed upon the street, nor designates the exact location of said tracks latitudinally upon said street. In the first place, the bill admits that the appellee succeeded to the rights and franchises granted to Randall D. Berry by the charter under the act approved December 3, 1866. By this grant, he was authorized, upon obtaining the consent of the municipal authorities of Selma, to construct one or more railway tracks, etc. It cannot be doubted that it was competent for the legislature to make such a grant, and even if this grant had been subsequent to the adoption of the constitution of 1875, it would in no wise conflict with that provision of section 24, Art. XIV, which provides that no street passenger railway shall be constructed within the limits of any city or town without the consent of its local authorities. The act provided for the obtaining of the consent of the local authorities, and there is nothing in the constitutional provision inhibitive of the grant in general terms as to the occupation of such streets upon which consent of the municipal authorities shall have been obtained. This we think is a complete answer to the argument of counsel as to the vagueness or indefinite-

ness in the declaration of incorporation and in the consent of the municipal authorities relative to the location of the line of street railway to be operated. But apart from this, we cannot assent to the proposition urged that it is essential to the validity of the franchise or right to construct and operate a street railway in the public streets of an incorporated town or city, that the declaration and consent should specifically designate the exact location latitudinally in the streets over which the said railway is to be constructed and operated or the number of tracks to be laid. This is a matter which it is wholly within the power of the municipal authorities to regulate and control after consent given and obtained for the construction and operation by the railway company of its line of railway.

We think it quite clear from the facts as shown from the statements of the amended bill and the denials of the sworn answer, that appellee in constructing its street railway along that portion of Union street between Dallas and Selma streets, is within its franchise, rights and powers, and that the court committed no error in dissolving the temporary injunction.

Affirmed.