# BIENVILLE WATER SUPPLY COMPANY *v.* MOBILE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF ALABAMA.

No. 368. Submitted October 10, 1899. — Decided November 6, 1899.

The Bienville Water Supply Company was a corporation organized under the laws of Alabama, and was authorized thereby to build water works in Mobile and to use the streets of that city for water purposes. The city and that company were authorized to contract together for the purpose of supplying the city with water. In the contract made between them under this authority there was no express provision for furnishing the inhabitants of the city with water, and no stipulation by the company that it would do so, though it was clear that the parties contemplated that the company would contract with the inhabitants to supply them with water for domestic purposes. The city was also authorized by the legislature to build or otherwise acquire water works of its own to supply water to itself and its inhabitants for the extinguishment of fires, and for sanitary and domestic purposes, and in its contract with the Bienville Company the city did not agree not to do so. It did agree to pay the company monthly for a certain number of hydrants supplied by it, but there was no averment on the part of the company that the city had repudiated said obligation or refused to make such stipulated payments, or intended to do so. The company filed a bill in equity against the city to enjoin it from making or carrying out any other contract for supplying water to its inhabitants, or for constructing a system of water works for that purpose during the continuance of said contracts and from building or acquiring a system of water works to bring water into the city during such continuance. To this bill the city demurred. The bill was dismissed. Appeal being taken to this court, a motion was made to dismiss it, joined with a motion to affirm. *Held*, that as there were no facts averred showing that the city had violated, was violating, or intended to violate its contracts with the Bienville Company, and as there was no legislation to that end, the bill was properly dismissed in the court below; and as there was color for the motion in this court to dismiss, the motion to affirm would be sustained.

MOTION to dismiss or affirm.

The case is stated in the opinion.

*Mr. B. B. Boone* and *Mr. E. L. Russell* for the motion.

*Mr. D. P. Bestor* and *Mr. R. H. Clarke* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a bill in equity filed in the Circuit Court of the United States for the Southern District of Alabama by the Bienville Water Supply Company against the city of Mobile and its mayor to enjoin defendants from making or carrying out any contract for supplying water to the inhabitants of the city or for constructing a system of water works for that purpose during the continuance of certain contracts between complainant and the city, made parts of the bill, and from building or acquiring a system of water works to bring water into the city during such continuance.

The parties were all citizens of Alabama, but complainant invoked the jurisdiction of the Circuit Court on the ground that the case was one arising under the Constitution of the United States, in that the contracts between it and the city were violated and impaired in the premises.

Defendants demurred, assigning special causes, among which were the following:

"(1) Because said bill, taken in connection with Exhibits 'A' and 'B,' made a part thereof, shows that no contract was made between the city of Mobile and the Bienville Water Supply Company as to the rates to be charged the inhabitants of said city for water, but that said contract merely fixed a maximum rate that said water company was to charge the inhabitants of said city of Mobile.

"(2) Because said bill of complaint shows that said city of Mobile was specially authorized and empowered by its charter and by the act of the general assembly of Alabama approved November 30, 1898, (and of which said act this court will take judicial notice,) to buy or to build, erect and maintain, and to operate water works for the supply of its inhabitants with water, and for the extinguishment of fires, and for sanitary, domestic and other purposes.

"(3) Because there is nothing shown or alleged in said bill of complaint and in said Exhibits 'A' and 'B,' made a part thereof, which precludes or estops the city of Mobile from

buying, building, erecting, maintaining and operating a system of water works.

"(4) Because said Exhibits 'A' and 'B,' made a part of said bill of complaint, show that the only obligation resting upon and binding upon said city of Mobile is that it shall pay to said Bienville Water Supply Company the sum of fifty dollars ($50.00) each per annum, payments to be made monthly, for two hundred and sixty fire hydrants placed on the streets of said city by said water supply company until the expiration of said contract on July 1, A.D. 1900, and it is not alleged or charged in said bill of complaint that the city of Mobile has or intends to repudiate its obligation to pay for said two hundred and sixty fire hydrants at the rate of fifty dollars each per annum, payments to be made monthly."

"(8) Because said bill of complaint fails to allege any facts which show that the city of Mobile has or intends to do or commit any act which will impair the said contract between the city of Mobile and the Bienville Water Supply Company, and which said contract is made a part of the bill of complaint.

"(9) Because it is shown upon the face of said bill of complaint that the city of Mobile did not grant the complainant the franchise to lay its said water mains and pipes in the city of Mobile, but that it was done by the general assembly of Alabama, and from which it appears that said city of Mobile had no lawful authority to grant or to enter into a contract with complainant, conferring thereby the exclusive right or privilege of supplying water to the inhabitants of said city of Mobile."

The court sustained the demurrer on the foregoing grounds and gave complainant fifteen days in which to amend, and, no amendment having been made, dismissed the bill. From that decree an appeal to this court was allowed and perfected, and motions to dismiss or affirm submitted.

The opinion of the Circuit Court, Toulmin, J., is reported 95 Fed. Rep. 539, and states the facts appearing from the bill, and pertinent legislation, in substance, correctly, as follows: Complainant was a corporation chartered by the legislature of Alabama for the purpose, among other things, of supplying

water to the city of Mobile, a municipal corporation of the State, and its inhabitants, and was authorized to construct the needed canals, ditches, pipes, aqueducts, etc., best suited for the purpose, and was " charged with the duty of introducing into the port of Mobile (city) such supply of pure water as the domestic, sanitary and municipal wants thereof may require." Accordingly complainant laid mains and pipes in the streets of the city and established hydrants and fire plugs therein and built a reservoir and erected pumps connecting with such mains and pipes at large expense to itself; and used the property to supply the city and its inhabitants with water. August 15, 1888, complainant entered into a contract with the city to furnish for its use 260 fire hydrants, and to furnish water for fire service of a certain number of streams and pressure, and further agreed that the city should have the unrestricted use of the hydrants for such fire purposes and the free use of water for all municipal buildings, and that the company would not charge a greater or higher rate for water for domestic use than that specified in the contract. In consideration of complainant's stipulations, the city agreed to pay complainant for the use of the hydrants, monthly, at the rate of $50 a hydrant per annum, during the continuance of the contract, which was for a term of six years. April 14, 1891, the contract was changed in some particulars and the term extended to twelve years. These two contracts were annexed to the bill and marked Exhibits " A " and " B."

The bill averred that complainant had complied and was complying with all the obligations and requirements of the contract on his part, and that the city had violated and was violating the contract in that it had bought and taken possession of a water works plant, and was now operating the same, selling water to customers and cutting rates below those fixed in the contract, and actually competing in the business of selling and furnishing water to its inhabitants, and that it had taken away some of complainant's customers, thereby decreasing its income. And further, that the city was building another system of water works to supply itself and its inhabitants with water, and that it claimed the right so to do under

the provisions of its charter and an act of the legislature of Alabama of November 30, 1898.

The charter provided that the city might contract for, build, purchase or otherwise acquire public works subject to the approval of a majority vote of the citizens of Mobile at a special election called therefor, and in July, 1897, such an election was held, and a majority of the votes cast were in favor of the city contracting for or otherwise acquiring water works to be owned and operated by the city and the issuing of bonds to pay for the same. The act of November 30, 1898, authorized the issuing of bonds for that purpose. It was further averred that acting under and by virtue of the power granted by the charter and the act of November 30, the city had entered into a contract to have a system of water works built, and that the building of the same was now going on, and that it had made a contract with certain persons to take said bonds, who had already taken and paid for a part of them. Complainant contended that the city had no legal right to impair the value of its plant and to destroy or diminish its income therefrom, which would be the effect of the city's action in building water works and furnishing water to its inhabitants, and it was averred that defendant was insolvent, and that the only way complainant could protect itself was through the interposition of a court of equity. It was not asserted by complainant that it had been granted an exclusive franchise to furnish water to the city and its inhabitants, but that under the contracts the city had no right to furnish water to other persons or to build or acquire a system of water works to supply water to itself and its inhabitants, and that to do this was a violation thereof.

The Circuit Court observed that the city of Mobile granted complainant no rights or privileges whatever, but that the legislature of the State granted it the right to build water works and to use the streets of the city for water purposes, and authorized complainant and the city to contract together for the purpose of supplying the city with water. The contract was made, but there was no express provision in it for furnishing the inhabitants with water and no stipulation by complainant that it would do so, though it was clear that the

parties contemplated that complainant would contract with the inhabitants to supply them with water for domestic purposes, since it was stipulated that complainant should not charge for water so supplied higher rates than those specified therein. On the other hand, the city was authorized and empowered by its charter and the act of the legislature of November 30, 1898, to build or otherwise acquire water works of its own to supply water to itself and its inhabitants for the extinguishment of fires and for sanitary and domestic purposes, and the city in its contracts with complainant did not agree not to do so. It did agree to pay complainant for a certain number of hydrants erected and supplied by it, and to make the payments monthly, but there was no averment that the city had by act or word repudiated its obligation or failed or refused to make the payments stipulated for, or that it intended to do so.

In short, there were no facts averred showing that the city had violated, was violating, or intended to violate, its contracts with complainant, and there was no legislation to that end. Such being the state of the case, the Circuit Court did not err in dismissing the bill, and as there was color for the motion to dismiss, the motion to affirm will be sustained.

*Decree affirmed.*