# CITY OF JOPLIN *v.* SOUTHWEST MISSOURI LIGHT COMPANY.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 32. Argued October 20, 1903.—Decided November 16, 1903.

Restraints upon governmental agencies will not be readily implied. There are presumptions against the granting of exclusive rights and against limitations upon the powers of government.

By the statute of 1891, cities in Missouri may erect and operate their own electric light plants, or they may grant the right to persons or corporations to erect and operate such plants for not exceeding a period of twenty years. The city of Joplin by ordinance adopted subsequent to the statute, granted such right for twenty years to a corporation which erected and has ever since operated the plant. The ordinance conferred rights, exacted obligations, fixed rates and provided for its written acceptance and the corporation so accepted it. By a later ordinance the city provided for the issue of bonds to build its own plant.

In an action brought by the Light Company to restrain the erection of the plant during the continuance of the twenty year term, on the ground that the ordinance violated the Federal constitution in that it impaired the obligation of the contract existing under the ordinance granting the franchise.

*Held* that as such ordinance did not provide that the city would not erect its own plant no such provision could be implied.

*Held* that the fact that cities could elect under the statute of 1891 either to erect their own plants or grant franchises, could not in case of their election to grant the franchise be construed as an implied contract not to erect their own plants during the period for which the franchise was granted.

BILL in equity to restrain the appellant from supplying its inhabitants with incandescent lights or other electric lighting in competition with the appellee.

The city of Joplin is a municipality of the State of Missouri; the appellee is a corporation of said State, and the jurisdiction of the Circuit Court was invoked on the ground that the action of the city impaired the obligation of the contract existing between it and the appellee, in violation of the Constitution of the United States, and hence the appeal directly to this court.

A preliminary injunction was granted. 101 Fed. Rep. 23. It was made perpetual upon final hearing, and a decree was entered enjoining the city "from supplying or furnishing to the inhabitants, residents or any other person, firm or corporation within said city, or any addition thereto or extension thereof, electric lights, either incandescent or arc, or in any other form or manner, for commercial or private lighting, for and during the full term" of the grant to the predecessors and assignors of appellee, to wit, the term of twenty years from and after October 7, 1891. 113 Fed. Rep. 817.

A statute of Missouri, Laws, 1891, April 2, p. 60, authorizes cities to erect, maintain and operate electric light works, to light the streets, and supply the inhabitants with light for their own use, and to establish rates therefor. Or they may, the statute provides, "grant the right to any person or persons or corporation to erect such works . . . upon such terms as may be prescribed by ordinance, provided that such right . . . shall not extend for a longer period than twenty years." Subsequently to and in pursuance of this statute the city by ordinance, October 7, 1891, granted the right to

erect and maintain an electric light plant to certain persons, naming them, their successors and assigns, for a period of twenty years. The plant was erected at considerable expense, and has ever since been maintained and operated. The appellee is the successor of the original grantees.

The ordinance conferred rights and exacted obligations, and fixed, besides, the rates to be charged. It also provided for its written acceptance within ten days after its passage and the commencement of the work within sixty days. It was accepted.

Subsequently, and on March, 1899, the city, acting in pursuance of and in the manner provided in certain ordinances, issued bonds to the amount of $30,000, "for the purpose of erecting an electrical light plant to be owned, controlled and operated by the city," and by the means obtained thereby constructed electrical works, erected poles and wires, established a schedul; of rates, and entered into the business of commercial electrical lighting in competition with appellee. The bill alleged that the appellee was the owner of real and personal property within the city, which is assessed by the city for municipal taxation, and that appellee is compelled by reason of such taxation "to aid and assist in operating and maintaining defendant's (the city's) electric plant and business as a rival and competing one" with appellee's electrical plant and business.

*Mr. C. H. Montgomery,* with whom *Mr. Samuel W. Moore* was on the brief, for appellant:

The franchise granted in the ordinance was not exclusive nor does it contain any obligation on the part of the municipality not to compete with the owner of the franchise in commercial lighting or otherwise; nor is the use of the streets granted by the franchise an exclusive one. The ordinance amounts to a license to use the streets and that is all. One claiming the grant of an exclusive franchise from a municipality must be able to point out the express terms by which the exclusive grant is created. The rights of the city and its citizens

do not pass by uncertain or ambiguous language or by implication. Where a municipality is vested with certain powers, the law jealously guards their exercise and construes contracts of the nature now under consideration most favorably to the municipality. *Bienville Water Co. v. City of Mobile*, 95 Fed. Rep. 539; 175 U. S. 1; 186 U. S. 212; *Skaneatales Water Works Co. v. Skaneatales*, 184 U. S. 354; *Pearsall v. Railway Co.*, 161 U. S. 664; *Charles River Bridge v. Warren Bridge*, 11 Peters, 420; *St. Paul Gas Light Co. v. St. Paul*, 181 U. S. 142; *Stein v. Water Co.*, 141 U. S. 67; *New Orleans Water Works Co. v. Rivers*, 115 U. S. 674; *St. Tamany Water Works Co. v. New Orleans Water Works*, 120 U. S. 64; *Hamilton Gas Light Co. v. Hamilton*, 146 U. S. 258; *Thompson Electric Co. v. City of Newton*, 42 Fed. Rep. 723; *Lewis v. City*, 75 Fed. Rep. 884; *City of Brooklyn*, 143 N. Y. 596; *City of Austin v. Bartholamew*, 107 Fed. Rep. 349; *Newburyport Water Co. v. Newburyport*, 103 Fed. Rep. 587.

The power of the city of Joplin to erect and operate its own electric light plant and the power to grant to some person or corporation a franchise therefor are concurrent powers. The lower court erred in holding that the city in granting a franchise for the erection of an electric light plant thereby disabled itself from erecting and maintaining one of its own. *Skaneatales W. W. Co. v. Skaneatales, supra; The Walla Walla Case*, 172 U. S. 1; *Los Angeles v. Water Co.*, 177 U. S. 588, and other cases on brief of defendant in error, distinguished.

If the city of Joplin in granting complainant's franchise thereby disabled itself from erecting an electric light plant of its own, then the lower court was without jurisdiction and should have dismissed the bill. *Hamilton Gas Light Co. v. Hamilton*, 146 U. S. 258; *State v. Hamilton*, 47 Ohio St. 52.

*Mr. J. McD. Trimble* and *Mr. John A. Eaton* for defendant in error and appellee:

The statute must be read into the ordinance or contract. *Walker v. Whitehead*, 16 Wall. 314.

As to the implied provisions, that the city should not engage in competitive private lighting itself, the only rule for finding the true and entire contract is that the express provisions of the statute and contract shall be first considered, and then what is necessarily implied from such express provisions. *Detroit Citizens St. R. R. Co.* v. *Detroit R. Co.*, 171 U. S. 48; *Los Angeles* v. *Los Angeles City Water Co.*, 177 U. S. 558.

While all implications, doubts and ambiguities are resolved against the grant or privilege claimed, this rule correctly applies to the *grant* of the power. When the grant is once conceded, the rule announced in the cases above cited is the settled one. Dillon on Municipal Corporations, 4th ed. §§ 451–459.

The law implies duties and obligations in a contract from those which are expressed, and the implied duties and obligations are as much a part of the contract as those expressed. *The Union Depot Co.* v. *The Chicago, K. & N. Ry. Co.*, 113 Missouri, 213, l. c. 225; Bishop on Contracts, par. 241; 2 Parsons on Contracts, 6th ed. 514. And see *The Walla Walla Case*, 177 U. S. 588; *Cort* v. *Lassard*, 17 Oregon, 221; *S. C.*, 17 Am. St. Rep. 720; 22 Pac. Rep. 1054; *United States* v. *Babbit*, 1 Black. 55; *Winecup* v. *Hughes*, L. R. 6 C. P. 78, 84; *Donahue* v. *Kittrell*, 1 Cliff. 144; *Massachusetts* v. *Rhode Island*, 12 Peters, 723.

In the exercise of its business or proprietary powers, the city of Joplin adopted the ordinance and entered into the contract contained therein. In fixing the maximum charge to be made for the lights, it contracted for the private advantage of the inhabitants of the city. The purpose of such a contract is not to govern the inhabitants of the city, but to obtain a private benefit for the city itself and its denizens. *Illinois Trust & Savings Bank* v. *Arkansas City*, 76 Fed. Rep. 271, and cases cited p. 282; *Zabriskie* v. *R. R. Co.*, 23 Howard, 381.

The city does not propose to be an ordinary competitor but to be an unusual competitor for the avowed purpose of receiving enough from its commercial lighting to pay for its public lights.

Courts may acquaint themselves with the persons and circumstances that are the subjects of the written agreement and place themselves in the situation of the parties who made the contract; view the circumstances as they viewed them, so as to judge of the meaning of the words, and of the correct application of the language to the thing described. *Guarantee Co.* v. *Mechanics' Sav. Bank & Tr. Co.,* 80 Fed. Rep. 766; *Goddard* v. *Foster,* 17 Wallace, 123, 143.

The following fully support the right to an injunction in this suit: *Walla Walla Water Co.* v. *City of Walla Walla,* 60 Fed. Rep. 957; 172 U. S. 1; *Westerly Water Works* v. *Town of Westerly,* 75 Fed. Rep. 181; *White* v. *City of Meadville* (Pa.), 35 Atl. Rep. 695.

A legislative act which impairs the obligation of an existing contract is void, as violative of the contract clause of the Constitution. *New Orleans* v. *Rivers,* 115 U. S. 674; *St. Tamany Water Works Co.* v. *New Orleans,* 120 U. S. 64; *City of Los Angeles* v. *Los Angeles Water Co.,* 177 U. S. 558; *Detroit* v. *Railway Co.,* 184 U. S. 368.

Cases on brief of plaintiff in error distinguished.

This court has, and the Circuit Court had jurisdiction. *Vicksburg Water Works* v. *Mayor of Vicksburg,* 185 U. S. 65; *Riverside Ry. Co.* v. *Riverside,* 118 Fed. Rep. 736; *St. Paul Gas L. Co.* v. *St. Paul,* 181 U. S. 142; *City R. R. Co.* v. *Citizens' R. R. Co.,* 166 U. S. 557.

MR. JUSTICE MCKENNA, after stating the case, delivered the opinion of the court.

The foundation of the suit is that the ordinances of March, 1899, and the acts and conduct of the city in entering into competition with the complainant (appellee) impair the obligation of the contract impliedly arising from the ordinance of October 7, 1891, and the acceptance thereof by appellee. In other words, it is contended that under the statute of the State, which we have quoted, the city was given the power to

construct an electrical plant and erect poles, etc., to "supply
private lights for the use of the inhabitants of the city," or it
could grant that right "to any person or persons or corpora-
tion" upon such terms as might be prescribed by ordinance.
It chose the latter, and granted to the assignors of appellee
the right given by the statute and expressed it to be "in con-
sideration of the benefits to be derived therefrom." And it
is hence contended that thereby the city contracted not to
build works of its own, and that by doing so it violated sec-
tion 10 of the Constitution of the United States, which pro-
vides that no State shall "pass any law impairing the obliga-
tion of a contract," and also violated that clause of the Four-
teenth Amendment of that instrument which provides that
no State "shall deprive any person of property without due
process of law."

It is by implication from the statute and the ordinance
passed under it, not from the explicit expression of either,
that the conclusion is deduced that the city is precluded from
erecting its own lighting plant, and yet it is conceded that
the grant to the appellee is not exclusive. That is, it is con-
ceded the city has not exhausted its power under the statute
by the grant held by appellee, but may make another to some
other person than the appellee. In other words, that the city
may make a competitor to appellee, but cannot itself become
such competitor. The strength of the argument urged to
support the distinction is in the consideration that competi-
tion by the city would be more effective than competition by
private persons or corporations—indeed, might be destructive.
The city, it is further urged, could be indifferent to profits
and could tax its competitor to compensate losses. But this
is speculation and it may be opposed by speculation, and there
are besides countervailing considerations. The limitation con-
tended for is upon a governmental agency, and restraints upon
that must not be readily implied. The appellee concedes, as
we have seen, that it has no exclusive right, and yet contends
for a limitation upon the city which might give it (the appel-

lee) a practical monopoly. Others may not seek to compete with it, and if the city cannot, the city is left with a useless potentiality while the appellee exercises and enjoys a practically exclusive right. There are presumptions, we repeat, against the granting of exclusive rights and against limitations upon the powers of government.

Many cases illustrate this principle, and some of them were decided in response to contentions similar to those made in the case at bar. In *Skaneatales Water Works Co.* v. *Skaneatales*, 184 U. S. 354, the village of Skaneatales, under statutes of the State of New York, granted to the water company the right to construct waterworks, and contracted with it to supply water to the village and its inhabitants for the period of five years. At the expiration of the term of the contract some difference arose about the terms of its continuance, and the village constructed an independent system of waterworks. A suit was brought by the water company to restrain the further construction of the works and their operation, and the company contended that under the statute of the State, by which the village granted to the company its franchises, the village had the election to construct works, or confer such power upon a private company like the water company, and having elected the latter, it impliedly contracted not to construct works of its own. In reply to this contention this court said (p. 363), by Mr. Justice Peckham:

"There is no implied contract in an ordinary grant of a franchise, such as this, that the grantor will never do any act by which the value of the franchise granted may in the future be reduced. Such a contract would be altogether too far-reaching and important in its possible consequences in the way of limitation of the powers of a municipality, even in matters not immediately connected with water, to be left to implication. We think none such arise from the facts detailed."

It is true there was an element in that case which is not in the case at bar. The village of Skaneatales had entered into a contract with the water company to take water from the

company. This contract had expired before the city constructed its works. It was not that contract, however, which was alleged to have been impaired, but that which the water company claimed to have been implied by reason of its organization and incorporation and in pursuance of the application made to and with the consent of the village authorities. The ultimate reliance, therefore, of the water company was that from the grant to it the village impliedly contracted not to construct works of its own. The similarity of the contention with that in the case at bar is apparent.

In *Bienville Water Supply Company* v. *Mobile*, 175 U. S. 109; 186 U. S. 212, it was again decided that the granting of franchises to private persons to construct waterworks in a city does not preclude the city from afterwards erecting such works and supplying its inhabitants with water.

*Walla Walla* v. *Walla Walla Water Co.*, 172 U. S. 1, is not in opposition to these views. The city of Walla Walla was, by the statute incorporating it, empowered to erect waterworks or to authorize the erection of the same. In pursuance of this power it granted a franchise to the Walla Walla Company and contracted to take water from the company, reserving the right to avoid the contract under certain contingencies. But it was provided that: "Until such contract shall have been so avoided, the city of Walla Walla shall not erect, maintain or become interested in any waterworks except the ones herein referred to, save as hereinafter specified." The contract was in force at the time the suit was brought and the water company had substantially complied with all of its terms and conditions. The contract passed upon, therefore, was expressed and explicit. The power to make it was sustained. In the case at bar restraint upon the power of the appellant city is claimed to be implied by the grant to the appellee. We think, for the reasons stated and upon the authorities cited, such restraint cannot be implied.

*Decree reversed and case remanded with directions to dismiss the bill.*