[Civil No. 908.   Filed March 30, 1906.]

[84 Pac. 1095.]

PHŒNIX WATER COMPANY, a Corporation, Plaintiff and Appellant, v. THE COMMON COUNCIL OF THE CITY OF PHŒNIX, Defendant and Appellee.

1. WATERS—MUNICIPAL CORPORATIONS—GRANT OF FRANCHISE—IMPLIED CONTRACTS.—There cannot be an implied contract in a grant of franchise by a municipality that it will do nothing to impair or destroy the value thereof, or that it will not enter into competition with the grantee. Such a restraint can be imposed only by express provision.

2. SAME—OPERATION OF WATERWORKS—JUDICIAL REVIEW.—The question whether the construction and operation by a city of a system of waterworks, determined upon in a lawful manner, would be an economical and wise enterprise is not a matter for judicial inquiry.

3. MUNICIPAL CORPORATIONS—ISSUE OF BONDS—ELECTION—COLLATERAL ATTACK.—An election to determine whether municipal bonds shall be issued having been held lawfully and the return thereof, lawful on its face, showing the proposition to have prevailed by the lawful majority, the return cannot be attacked collaterally for errors or fraud in the conduct of the election or in the registration preceding it.
   (Syllabus by the Court.)

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge. Affirmed.

Dismissed with costs, per stipulation.   204 U. S. 675, 51 L. Ed. 674.

Statement of facts:—
Action by the Phœnix Water Company to restrain the city of Phœnix from issuing bonds for the purpose of constructing a water-works system. From a judgment sustaining a demurrer to its complaint plaintiff has appealed. Affirmed.

C. F. Ainsworth, Chalmers & Wilkinson, and Dillon & Hubbard, for Appellant.

Bennett & Bennett, for Appellee.

NAVE, J.—The appellant, the Phœnix Water Company, a corporation, in April, 1904, brought suit in the district court of Maricopa County to restrain the city council of the city of Phœnix from issuing, selling, and disposing of its bonds proposed to be issued and disposed of for the purpose of constructing a system of waterworks for the city of Phœnix, Arizona. The defendant interposed a general demurrer to the complaint. The demurrer was sustained. The plaintiff elected to stand on the complaint unamended, whereupon judgment was entered upon the demurrer. From this judgment the Phœnix Water Company has appealed.

The body of the complaint in this case occupies thirty pages,

while the exhibits attached thereto occupy an additional fifteen pages. We do not deem it necessary to the expression of our opinion to set this complaint forth in full. Plaintiff complains in substance that the city of Phœnix, in February, 1889, granted a franchise, to endure twenty-five years, for the construction of a system of waterworks in that city to one Gardiner, by whom the franchise was assigned to the plaintiff; that the franchise, by its terms, should endure for an additional twenty-five years, unless the city should exercise a privilege reserved therein to purchase the grantee's plant; that the consideration recited for this franchise is that the grantee shall, during its term, supply water free of charge for the use of the fire-department, city officers, free public schools, churches, for a spray-fountain in each public park, a drinking-fountain in each ward, and for flushing the public sewers and gutters; that the city, upon its part, contracted, during the existence of the franchise, to pay a rental of seventy dollars per annum, each, for fifty fire hydrants, or such larger number as should be required by the city; that plaintiff and his grantee have expended five hundred thousand dollars in constructing and perfecting their waterworks, and that at the present time there are outstanding mortgage bonds, secured by the waterworks and franchise, in the sum of five hundred thousand dollars; that if the defendant constructs its own waterworks it will impair, if not entirely destroy, the value of the plaintiff's waterworks and cause partial or entire loss to its bondholders. Still further plaintiff shows that it is a taxpayer in the city of Phœnix, paying taxes annually in the amount of about one thousand dollars; that the election in which taxpaying voters voted on the question of the issuance of the bonds, the sale of which is sought here to be restrained, was conducted by election officers who were determined to carry the election in favor of such issue of bonds; that registration for this election was so fraudulently conducted that several hundred persons not qualified to vote were registered for the purpose of voting for the issuance of the bonds, and a number of persons qualified to vote, known to be opposed to the issuance of the bonds, were refused registration; that in consequence a large number of unlawful votes was received and counted in favor of such bond issue and a large number of qualified voters not allowed to vote who, if they had voted, would have voted against the

issue; that the number of fraudulent votes so received, and the number of qualified voters not allowed to vote, each was sufficient to change the result of the election; that it is un-economical and would be disastrous to the city of Phœnix to erect its own waterworks. Therefore, both to prevent an irreparable injury to itself, its business, and its bondholders, and also as a taxpayer, to set aside the result of the fraudulent election and to prevent waste of the city's money, and an imposition of heavy taxes, the plaintiff asks that the city be restrained from issuing, selling, or otherwise disposing of its bonds.

Appellant's contention, briefly stated, is that its complaint states a good cause of action for the following reasons: 1. That the city is about to violate, to plaintiff's irreparable damage, an implied contract not to enter business in competition with it; 2. That the city is about to injure plaintiff as a taxpayer by embarking in an unnecessary, ill-advised, money-losing business enterprise; and 3. In support of each of these propositions, that unqualified persons were allowed to register and vote for the issuance of municipal bonds and qualified persons prevented from registering and voting who would have voted against the issue, whereby, illegally and fraudulently, the return showed that those supporting the issue had prevailed.

There cannot be an implied contract in a grant of franchise by a municipality that the municipality will do nothing to impair or destroy the value thereof, or that it will not enter into competition with the grantee. Such a restraint can be imposed only by an express provision. It would be a work of supererogation to reiterate the reasons, founded on public policy, which have led courts to lay down these principles. They are set forth in the following cases, strikingly in point: *Knoxville Water Co.* v. *Knoxville,* 200 U. S. 22, 26 Sup. Ct. 224, 50 L. Ed. 353; *Joplin* v. *Light Co.,* 191 U. S. 150, 24 Sup. Ct. 43, 48 L. Ed. 127; *Bienville Water Supply Co.* v. *Mobile,* 175 U. S. 109, 20 Sup. Ct. 40, 44 L. Ed. 92; *Hamilton Gas Light Co.* v. *Hamilton,* 146 U. S. 258, 268, 13 Sup. Ct. 90, 36 L. Ed. 693. We do not deem it tenable that the question whether the construction and operation, by the city of Phœnix, of a system of waterworks would be an economical and wise enterprise for the city and taxpayers

is a matter for judicial inquiry. The determination of this fact is lodged in the discretion of the city officers and of the taxpayers themselves at the bond election. Moreover, the election having been held, in compliance with the law, and the return thereof, lawful on its face, showing that those supporting the issue of the bonds had prevailed by the lawful majority, this return cannot collaterally be attacked for errors or frauds alleged to have occurred in the conduct of the election or in the registration preceding it. *Carroll County* v. *Smith,* 111 U. S. 560, 565, 4 Sup. Ct. 539, 28 L. Ed. 517; *Hamilton* v. *Carroll,* 82 Md. 326, 33 Atl. 648.

The complaint does not state facts sufficient to constitute a cause of action. The judgment of the district court is affirmed.

SLOAN, J., DOAN, J., and CAMPBELL, J., concur.