### SELMA WATER CO. v. CITY OF SELMA.

(Circuit Court, S. D. Alabama, N. D.   April 2, 1907.)

No. 254.

**1.** INJUNCTION—BREACH OF COVENANT—EQUITABLE INTERFERENCE.

It is not requisite that a breach of covenant shall have been actually committed in order that an injunction may be issued; it being sufficient that defendant insists on its right to perform the act in question, which, if done, will constitute a breach.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 9–13, 111–115.]

**2.** SAME—FRANCHISE—VIOLATION.

Complainant acquired a franchise from defendant city for the exclusive right to maintain and operate waterworks in the city until July 12, 1915; the city reserving the right to purchase the works by paying an agreed or appraised value. Complainant alleged that in April, 1906, the city authorized the issuance of bonds to purchase or construct a waterworks plant, and that in November the city passed an ordinance directing that the finance committee of the council and the mayor take further proceedings for the purchase of the water plant or "for building and equipping a water plant," whereupon the city notified complainant of its desire to purchase. Defendant in its answer admitted that complainant had an exclusive franchise to maintain waterworks in the city until July 12, 1915, and denied any intention to violate such franchise. *Held*, that the fact that the ordinances authorized the issuance of bonds for the purpose "of constructing," as well as purchasing, a water plant, did not show an intention on defendant's part to violate complainant's franchise, and was therefore insufficient to justify the issuance of an injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 9–13.]

In Equity.   On a motion for a preliminary injunction.

The bill avers that on July 12, 1890, the municipality of Selma and the complainant entered into a contract, by which said municipality granted to the complainant the exclusive right and franchise to construct, maintain, and operate waterworks in said city of Selma for public and private supply of water therein for the period of 25 years from that time, and it avers that the complainant did construct and has maintained and operated said waterworks since the execution of said contract, and now has and holds as a vested right under said contract the exclusive right and franchise to construct, maintain, and operate waterworks in said Selma for public and private supply of water therein, and further avers that by said grant said Selma did exclude itself during said 25 years from constructing, maintaining, and operating a waterworks for the purpose aforesaid in said city of Selma, on certain considerations and conditions set out in said contract unnecessary to be mentioned here, except that it was agreed by complainant that it would sell said waterworks to said municipality of Selma if said municipality should so elect after the expiration

of five years from the date of the contract, and, if the parties could not agree as to the price to be paid to complainant, then said works might be purchased by defendant at an appraised value to be determined by appraisers as in the contract provided.

The bill avers that on February 26, 1906, the municipal authorities of Selma adopted an ordinance ordering an election to be held on April 2, 1906, for the purpose of allowing the qualified voters of Selma to vote upon the question whether or not bonds of the said city of Selma to the amount of $150,000 should be issued by said city for the purpose of purchasing or constructing a waterworks plant, and that the result of said election was in favor of the issuance of said bonds.

The bill further avers that complainant's exclusive right and franchises under said contract do not expire until the 12th of July, 1915, and that until that time said Selma has no right to construct, maintain, or operate waterworks, and no right to issue bonds to build or construct waterworks for the public and private supply of water in said city.

The bill further avers that on November 5, 1906, Selma passed an ordinance that the finance committee, with the mayor added, be authorized to take such further action as they may deem best for the purchase of the water plant, or for building and equipping a water plant.

The bill also avers that the city of Selma had the right to purchase complainant's waterworks, and that on December 7, 1906, it notified the complainant of its desire to purchase the same under its right to do so as provided by the contract.

The bill avers that, if Selma is permitted to issue said bonds and construct waterworks and furnish said city and inhabitants with water, the complainant's franchise will be greatly and seriously impaired, and it prays that the defendant be enjoined from assuming to abrogate and take away the franchises and contract rights of complainant.

Mallory & Mallory, for complainant.
Pettus, Jeffries & Pettus, for defendant.

TOULMIN, District Judge (after stating the facts). The gravamen of the complaint is that the complainant has contract franchises and rights which the defendant has violated, and which will be greatly and seriously impaired thereby.

The motion for a preliminary injunction is submitted on the bill and answer and affidavits in connection therewith. If the contract rights of the complainant are clearly established, and the violation of them is apparent, an injunction may be granted. It is not requisite that a breach of covenant against which preventive relief is sought shall have been actually committed. It is sufficient ground of interference that defendant insists upon its right to do the act in question; but equity will not assume that the defendant intends to violate its covenant, and will not interfere unless it is manifest that a breach is intended. 2 High on Injunctions, p. 744, § 1137. "An injunction pendente lite ought not to be issued except in clear cases of right." Amelia Milling Co. v. Tenn. C. I. & R. R. Co. (C. C.) 123 Fed. 811.

It is admitted by defendant in its answer that the complainant, as averred in its bill, has the exclusive right and franchise to construct, maintain, and operate waterworks for public and private supply of water in the city of Selma until the expiration of said contract, to wit, the 12th of July, 1915. The contract rights of the complainant being established, the first question to be considered is: Is it clear or apparent that there has been a violation of these rights, or that such violation is intended, by the defendant?

The prayer of the bill is that the defendant be enjoined from assuming to abrogate and take away the contract rights of the complainant. The acts alleged as showing such assumption on the part of the defendant are the adoption of the ordinance of February 26, 1906, ordering an election by the voters of Selma on the question whether or not bonds of the city should be issued for the purpose of purchasing or constructing a waterworks plant, declaring the result of such election, and passing the ordinance of November 5, 1906, authorizing the finance committee and the mayor to take such further action as they may deem best for the purchase of a water plant or for building and equipping a water plant.

It is conceded by averments, in the bill and in argument of counsel, that the defendant had the right under the contract to purchase the waterworks of complainant, and that on December 7, 1906, said Selma, through its mayor, notified the complainant of its desire to purchase the same, as provided for in said contract, and it appears from the record that since that time parties' have proceeded to appoint arbitrators or appraisers to appraise the value of the complainant's waterworks, as provided for in said contract. There are no facts averred in the bill other than the action of the municipal authorities of Selma hereinabove mentioned tending to show any intention or purpose to abrogate and take away the franchise and contract rights of complainant. Bienville Water Supply Co. v. Mobile, 175 U. S. 109, 20 Sup. Ct. 40, 44 L. Ed. 92.

Complainant, while admitting the defendant's right to purchase its waterworks plant, and to issue bonds for the purpose of raising money therefor, contends that it had no right to include in the ordinances referred to the words "or constructing" or "for building" or "equipping," and to issue bonds for the purpose of constructing a waterworks plant, and contends that such action by the defendant is an attempted abrogation of complainant's franchises and rights under its contract with the defendant. The defendant's covenant was that the complainant should have the exclusive right to construct and operate its said waterworks until July 12, 1915. In the ordinances referred to there is no repudiation of the contract in terms. There is no declaration that the contract with the complainant was null and void, and no declaration assuming the right to have the contract annulled and canceled. Moreover, the only action taken by Selma after the issue of the bonds was a recognition of the validity of the contract by its proposal to purchase the complainant's waterworks under the provisions of the contract. It is conceded that the defendant had the right to issue bonds for the purpose of purchasing these waterworks, and equity will not assume that defendant intended to violate its covenant with complainant by the use of the money derived from the sale of the bonds to construct waterworks in competition with complainant.

The counsel for complainant has cited several authorities to sustain his contention. The principle of law involved in his proposition is readily conceded, but the answer to the contention is that the facts averred in the bill do not make it apparent to the court that the defendant has violated the contract it made with the complainant. The

cases cited by counsel for complainant are unlike the case at bar in their facts, and hence inapplicable.

In the case of City R. R. Co. v. Citizens' R. R. Co., 166 U. S. 560, 17 Sup. Ct. 653, 41 L. Ed. 1114, the city of Indianapolis asserted the right to disregard and set aside the contract formerly made with the plaintiff, and entered into a contract with the defendant to carry out the right claimed by the plaintiff. The case was submitted on pleadings and proof, and the court held that the city of Indianapolis did attempt to impair the contract made by it with the plaintiff, and an injunction was sustained.

In Vicksburg Waterworks Co. v. Vicksburg, 185 U. S. 65, 22 Sup. Ct. 585, 46 L. Ed. 808, the city of Vicksburg passed an ordinance giving notice to the waterworks company that it denied any liability upon its contract with the company, and instructing the city attorney to take action to determine its rights in the premises. It filed a bill averring said contract to be null and void, and that the city was entitled to have it canceled and annulled, and that the company never acquired any rights in and to said contract. The bill prayed an injunction to restrain the defendant from assuming to abrogate and take away the plaintiff's franchises and contract rights; that said acts were in contravention of the United States Constitution, etc. The court held that the foregoing and other facts found disclosed an intention and attempt to deprive the plaintiff of its rights under an existing contract.

The Walla Walla Case, in 172 U. S. 1, 19 Sup. Ct. 77, 43 L. Ed. 341, was where an ordinance authorized a contract with the water company and declared that the city of Walla Walla would not erect, maintain, or become interested in any waterworks, etc., while a subsequent ordinance, during the existence of the contract with the company, provided for the immediate construction of a system of waterworks by the city, etc. The Supreme Court say that "upon the face of the two ordinances there was a plain conflict." The last ordinance authorized the purchase and condemnation of land for the purpose of constructing waterworks, and the issue of bonds to provide the necessary funds. A bill was filed, and the city's answer insisted that the contract with the plaintiff was not a valid and binding one. The case was tried on its merits and an injunction issued.

In the City of Dawson Case (C. C.) 130 Fed. 152, the city contended that its contract with the waterworks company was utterly void, and that the Supreme Court of Georgia had so decided. It repudiated the contract and refused to pay the water rents, and by ordinance and resolution it not only denied its liability under the contract, but so notified the water company, and authorized an issue of bonds to buy or construct waterworks of its own. The bonds were issued, etc. A bill was filed to enjoin and also for specific performance of the contract by the city. The case was tried on its merits, and the court said from these facts, and other facts found, the complainant was entitled to equitable relief, and an injunction issued forbidding the city to construct and operate a system of waterworks of its own in competition with the waterworks company.

The complainant must show some actual violation of its rights or a sufficient ground to apprehend it. Foster, Federal Practice, p. 332. The court cannot grant an injunction to allay the fears and apprehension of parties. They must show that the acts against which they. ask for protection are not only threatened, but will, in all probability, be committed to their injury. An injunction should not be issued to prevent the doing of an act unless there are reasonable grounds for apprehending that it will otherwise be done. To make out a case for injunction, it must appear that there is at least a reasonable probability, not a bare possibility, that a real injury will occur if the writ is not granted. 16 Am. & Eng. Encyc. (2d Ed.) 361, and authorities cited in notes pages 361, 362; 1 High on Inj. p. 5, § 4.

Secondly, is there any reasonable probability or good reason to believe that the defendant will proceed to act under the ordinances referred to in the bill in violation of its covenant?

If it appeared from the facts disclosed by the pleadings in this case that there was good reason to believe that the defendant will proceed to act under said ordinances to construct a waterworks plant, the injunction would be granted. An injunction against the breach of a covenant cannot be granted where the bill does not allege that defendant intends to violate, and the defendant alleges that he intends to observe, it. 2 Spelling on Inj. § 1014; 10 Encyc. Pl. & Prac. 993. Where the answer denies that the complainant's apprehensions of injury are well founded, the court will, as a general rule, give to the defendant the full benefit of such denial and refuse an injunction. Rogers v. Danforth, 9 N. J. Eq. 289; Baker v. Selma St. & S. Ry., 130 Ala. 481, 30 South. 464. The answer in this case admits and avers the validity of the contract set out in the bill of complaint, and admits the defendant's obligations thereunder, and declares it has no intention or purpose to violate the provisions of said contract, but to observe the same during the existence of the contract.

The preliminary injunction is denied, but without prejudice.